UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WISCONSIN
COURT MINUTES

CHAPTER            13
DATE:              June 5, 2013
JUDGE:             Margaret Dee McGarity
CASE NO.:          13-23112-MDM
DEBTOR:            Kelly L. and Jeff A. Ziegler
NATURE OF HEARING: United States Trustee's motion for determination of reasonable value of services and disgorgement pursuant to § 329 and rule 2017 and request for sanctions.
APPEARANCES:       Debra Schneider, Trial Attorney for U.S. Trustee
                   Attorney Robert Leite-Young, Respondent
                   Debra Stencel, Attorney for Debtors
COURTROOM DEPUTY:  Carolyn A. Belunas
TIME:              1:01 - 2:17 pm

There was no appearance by Jesse Lesuer, aka Jesse Scott.

## Testimony of Kelly L. Ziegler

Ms. Ziegler and her husband are the debtors in this case. They were facing foreclosure and learned of Mortgage Healthcare via the internet. Mortgage Healthcare offered to assist the debtors in a loan modification at no cost, but charged them $950.00 and $79.98 on August 17, 2012, to audit their mortgage. The debtors were charged a recurring monthly fee of $29.99 by Mortgage Healthcare for legal help. Ms. Ziegler indicated that Mr. Scott told her that the $29.99 recurring fee gave them access to attorneys and paralegals. On September 24, 2012, the debtors were charged $2,650.00 from Mortgage Healthcare for a "Home Saver Program." Jesse Leseur, aka Jesse Scott told the debtors the program would keep them in their home for a period of time and they would be required to pay only $300 per month. They were told that $300 of the $2,650 would be applied toward to the preparation of their bankruptcy petition and schedules. Mr. Scott indicated that legal matters would be handled by Attorney Robert Leite-Young.

The debtors were e-mailed their bankruptcy papers by Lanette Sansoni, a paralegal at the law office of Robert Leite-Young. Ms. Sansoni requested the debtors sign the petition where indicated and file the petition with the court. After filing, they were to fax or bring proof to the sheriff's office to stop the sale of their home. Ms. Ziegler spoke with Mr. Leite-Young on two occasions, and was told they should file chapter 13 because chapter 7 would not keep them in their home. He also told them that they should seek legal counsel in their district because he was not licensed to practice in Wisconsin.

On November 3, 2012, they received an email Mortgage Healthcare had relocated to a new address. The debtors paid a total of $3,799.94 to Mortgage Healthcare and/or Jesse Lesuer, aka Jesse Scott, from August 2012 to December 2012 for services rendered in connection with their bankruptcy filings. Ms. Ziegler asserted they were assisted by both Jessie Scott, Attorney Leite-Young, and Ms. Sansoni with the preparation of their petition and schedules. However, no attorney or petition preparer signed their schedules or disclosed fees.

## Testimony of Robert Leite-Young

Mr. Leite-Young is an attorney, and his law firm is located in New Jersey. He is licensed to practice in Pennsylvania, New York and New Jersey. He stated that he was contacted by Mr. Scott through a CraigsList ad because his firm was trying to find bankruptcy business. He learned that Mr. Scott was not an attorney, but that he had clients in multiple jurisdictions. He was looking to partner with attorneys in different states, and he would supply them with bankruptcy clients. He told Mr. Scott that he was familiar with the provisions of "no fee sharing" in the bankruptcy code and that he was not interested in pursing this with him. Subsequently, Mr. Scott contacted him and said that he had clients that were being foreclosed

1

and they needed to file bankruptcy. Mr. Leite-Young told Mr. Scott that he would not mind talking with the Zieglers, but that he could not represent them.

Mr. Leite-Young was contacted by Ms. Ziegler and informed her that he was not licensed to practice in Wisconsin, and that she and her husband should seek legal counsel in their district. He explained the difference between bankruptcy chapters, and that he believed they were given bad advice by Mr. Scott as to what chapter to file. He asserted that he spoke with Ms. Ziegler on two occasions.

He attempted to locate Mr. Scott and learned that he had vacated the building where was doing business. He has never received any monies from Mr. Scott or the Zieglers, and he is not a part of Mr. Scott's Mortgage Healthcare business. He is unaware if Ms. Sansoni had any participation in preparing the debtors' bankruptcy petition or schedules. He asserted that Ms. Sansoni is no longer an employee of his business.

Exhibits 1-3, 5 and 6 were admitted.

## Argument

Ms. Schneider argued that the debtors were taken advantage of and should receive a refund of the monies they paid to Mortgage Healthcare. There was legal advice given, and no disclosure in the debtors' petition or schedules. She requested that the court order sanctions against Jesse Lesuer, aka Jesse Scott dba Mortgage Healthcare and Attorney Robert Leite-Young.

Mr. Leite-Young stated that his office made a mistake and even though he may be responsible for wrongdoing by his employees, it was done without knowledge or direction on his part.

Ms. Stencel, the debtors' counsel, argued that Rule 9011 has been violated and sanctions should be imposed.

## Decision

The court is satisfied that the attorney's office prepared the schedules and that the paralegal took it upon herself to do it, improperly using Mr. Leite-Young's email letterhead. She did so under his apparent authority and apparently within the scope of her employment. Thus, Mr. Leite-Young has failed t properly supervise his staff and to establish controls to prevent such an occurrence. He did give them legal advice on two occasions, which along with preparing and sending the bankruptcy schedules by his paralegal, created the impression that he was acting on their behalf. Under the doctrine of *respondeat superior,* Mr. Leite-Young did not make a reasonable inquire into the facts and presented papers to the court for an improper purpose, i.e., failing to disclose fees and participation in the bankruptcy. See Fed. R. Bankr. P. 9011.

The court is satisfied that Mr. Leite-Young was not paid anything by the debtors or by Mortgage Healthcare. Nevertheless, he is sanctioned $750, payable to the debtors through their counsel, for his participation in this case. Mr. Jesse Scott, aka Mr. Jesse Lesuer, is ordered to refund all amounts paid by the debtors, for which he delivered no value.

The court suggested that Mr. Leite-Young report this matter to the U.S. Trustee in his district and the U.S. Attorney, because it appears that the debtors might have been victims of internet fraud.

Ms. Schneider will submit an order.